FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINDY ANN A., | No. 2:18-CV-00208-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Rosemary B. Schurman represents Cindy Ann A. (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

On June 27, 2014, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, Tr. 15, 277-83, and an application for Supplemental

Security Income benefits, Tr. 15, 284-92.  Plaintiff alleged a disability onset date of June 30, 2008, Tr. 15, 277, 284, 321, due to post traumatic stress disorder, depression, degenerative disc disease, and pain in shoulders and arms.  Tr. 106.  At the administrative hearing, Plaintiff amended the alleged disability onset date to June 2, 2013.  Tr. 17, 56-57.  Plaintiff's applications were denied initially and upon reconsideration.

Administrative Law Judge (ALJ) Michael Gilbert held a video hearing on September 7, 2016, Tr. 15, 50-103, and issued an unfavorable decision on April 28, 2017.  Tr. 15-40.  The Appeals Council denied review on May 18, 2018.  Tr. 1-3.  The ALJ's April 28, 2017, decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on June 21, 2018.  ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was born on June 3, 1958 and was 56 years old on the date the application was filed, June 27, 2014.  Tr. 277, 284, 321.  She has a high school education.  Tr. 62.  Plaintiff testified she has been unemployed since 2013 and has not sought employment since that time due to problems with her lower back, as well as depression and chronic obstructive pulmonary disease (COPD).  Tr. 63, 77.

Plaintiff testified that because of her back pain, she is only able to stand in one place for about 15 or 20 minutes before having to move around or sit down, and she is only able to walk about four blocks before she has to stop and take a break.  Tr. 79.  She testified that she has to lie down once or twice a day, depending on her pain level.  Tr. 80.  Plaintiff also testified that she can carry a gallon of water and estimated that she can lift about eight pounds.  Tr. 80.

Plaintiff testified that physical therapy and the medication Gabapentin both temporarily relieve her back pain. Tr. 63-64, 78. Although the Gabapentin can be taken up to three times a day, Plaintiff testified that she generally takes it only once a day because she does not like taking a lot of medication. Tr. 64-65. She testified that Aspirin seems to work better than anything else for certain pain. Tr. 66. She testified that she does not take any medications other than Gabapentin and Aspirin for pain. Tr. 66.

Plaintiff testified that she is in counseling for her mental health issues. Tr. 67. She takes the medication Trazadone every night to help her sleep and for depression. Tr. 67. She testified that she was given Trazadone when she was seeking help with sleep. Tr. 74.

Plaintiff testified that she has a Serevent inhaler that she uses twice a day for her COPD. Tr. 66. She also uses an Albuterol rescue inhaler as needed. Tr. 66-67. She testified that she smokes anywhere from three quarters of a pack to a pack of cigarettes a day, depending on how much she can afford. Tr. 60, 67.

Plaintiff testified that she previously worked at two casinos, and the heaviest thing she ever had to lift in that job was the $CO_2$ tank that she guessed may have weighed 50 pounds. Tr. 83. She also worked in a deli as a barista and testified that the heaviest items she ever had to lift in that job were buckets of water that she guessed may have weighed 25 or 30 pounds. Tr. 83-84. She worked at a ribeye restaurant and testified that the heaviest items she ever had to lift in that job were boxes of soda and she guessed they may have weighed 35 to 40 pounds. Tr. 87.

Plaintiff lives in an apartment. Tr. 58. She has never been married and does not have any children. Tr. 58. Plaintiff testified that she has had 10 DUIs, with the last DUI in 2006, and she has not had a driver's license since that time. Tr. 60, 72. She testified that she likes to read, does the dishes, sweeps the floor, and her boyfriend helps with the laundry because it is too hard for her to take it out of the washer and put it in the dryer. Tr. 62, 82. Plaintiff testified that she and her

boyfriend attend church, and they also attend AA meetings. Tr. 73-74. Plaintiff testified that in 2013 she and her boyfriend were living in their vehicle and drove "up and down the coast" from Olympia, Washington to Mexico. Tr. 76-77.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through

four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 28, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged disability onset date, June 2, 2013. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: alcohol dependence, cannabis dependence, amphetamine dependence, cocaine abuse, personality disorder with antisocial avoidant features, mood disorder not otherwise specified, posttraumatic stress disorder, major depressive disorder, chronic obstructive pulmonary disease, tobacco abuse, and osteoarthritis/degenerative disc disease of the spine. Tr. 17-18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined that she could perform light exertion level work with the following limitations: she can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently; she can stand and/or walk for about six hours in an eight-hour

workday with normal breaks; she can sit for up to six hours in an eight-hour workday with normal breaks; she can never climb ladders, ropes, or scaffolds; she can frequently kneel, crouch, and climb ramps or stairs; she can occasionally crawl; she can perform jobs that involve occasional exposure to the following as defined by the Dictionary of Occupational Titles, excess vibration; atmospherics; and workplace hazards such as the operational control of moving machinery, work around unprotected heights, and exposure to hazardous machinery. Additionally, she can perform jobs that involve work that is limited to uncomplicated/routine tasks and some detailed tasks, as defined by a Reasoning Level no greater than three. Tr. 20.

At step four, the ALJ determined Plaintiff was capable of performing past relevant work as a bar waitress, hostess, informal waitress, and fountain server. The ALJ determined that this work did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. Tr. 39.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to conduct a proper step four analysis. ECF No. 14 at 4-14.

## DISCUSSION[1]

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

## A.  Step Four

Plaintiff asserts that the ALJ's step four finding is unsupported by substantial evidence.  A claimant who is found capable of performing her past relevant work at the fourth step of the sequential evaluation process will be found not disabled.  SSR 82-62.  The claimant has the burden of proving he or she can no longer perform past relevant work.  20 C.F.R. §§ 404.1512(a), 416.912(a), 404.1520(f), 416.920(f); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

In determining whether the claimant has the RFC to perform past relevant work, the ALJ must articulate whether the evidence in the record supports: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to her past job or occupation.  20 C.F.R. §§ 404.1520(f), 416.920(f).  To make this determination, the ALJ must make the following specific findings of fact: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to her past job or occupation.  SSR 82-62.  The claimant must be able to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  *Pinto*, 249 F.3d at 847.  Social Security regulations classify work by physical exertion requirements and skill requirements.  20 C.F.R. §§ 416.967, 416.968.

### 1.  Finding that Plaintiff's RFC Permits a Return to Past Work

First, Plaintiff asserts that the ALJ improperly determined that Plaintiff was capable of returning to her past work because the vocational expert's testimony failed to support such a finding.  ECF No. 14 at 7.  Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion.  SSR 82–62; *Pinto*, 249 F.3d at 844.

1    Here, the ALJ determined that Plaintiff has the RFC to perform light

2    exertional work with several limitations, including the limitation to stand and/or

3    walk for about six hours in an eight-hour workday with normal breaks.  Tr. 20.

4    Based on the vocational expert's testimony, the ALJ found Plaintiff capable of

5    performing her past relevant work as a bar waitress, hostess, informal waitress, and

6    fountain server, as actually and generally performed.  Tr. 39.  The ALJ noted in his

7    decision that the vocational expert testified a person limited to standing and

8    walking for about six hours, but not strictly limited to six hours in an eight-hour

9    workday, would be capable of performing Plaintiff's past work.  Tr. 39.  For the

10   reasons discussed below, the Court does not agree that this specific finding was

11   made on the record.

12         During the administrative hearing, the ALJ provided the vocational expert,

13   Mr. Thomas Polsin, with a hypothetical that mirrored Plaintiff's RFC, including

14   the limitation that Plaintiff was only able to "stand/walk about six hours" in an

15   eight-hour workday with normal breaks.  Tr. 89.  The ALJ asked the vocational

16   expert if a person with Plaintiff's RFC could perform any of Plaintiff's past work,

17   and the vocational expert responded that such an individual should be able to

18   perform the duties required of Plaintiff's past work as a bar waitress, a hostess, an

19   informal waitress, and a fountain server.  Tr. 90.  When asked if an individual

20   could perform these jobs if limited to standing for four hours a day, the vocational

21   expert testified "these jobs do require someone to be on his or her feet for the bulk

22   of an eight-hour work shift."  Tr. 91.

23         Plaintiff's counsel then questioned the vocational expert and asked, in his

24   experience, how many waitress positions actually exist in the economy where an

25   individual is allowed to be seated for two hours out of their eight-hour shift.  Tr.

26   93.  The vocational expert replied that there were not many such jobs, and stated,

27   "If I misunderstood the hypothetical, I – I thought the Judge said at least six hours.

28

If we are limited to six hours and that is firm, then all of the past work would be eliminated." Tr. 94. The vocational expert further testified,

> "[I]f we are firm about six hours as a practical matter, standing and walking, that person could not effectively do that job. But as I understand the hypothetical, generally speaking, in these proceedings that – and – and if I misunderstood, I apologize, but standing and walking at least six hours out of an eight-hour shift that is consistent with light work, typically as long as the person is not firmly limited to six hours only of standing and walking. And that is known as a practical matter and that is based on my experience."

Tr. 95.

The ALJ sought additional clarification by asking, "So if the hypothetical says stand/walk with normal breaks for a total of about six hours in an eight-hour workday, sit with normal breaks for a total of more than six hours on a sustained basis in an eight-hour workday, does that fit the definition of performing these jobs?" Tr. 95. The vocational expert sought further clarification, asking, "…but can stand and walk six hours?" The ALJ responded, "Well – or six hours or more or about six hours," to which the vocational expert responded, "Six hours, well certainly that would fall within the definition of light work, and it would not eliminate the jobs that I noted." Tr. 95-96. The ALJ continued his questioning on this subject by asking the vocational expert, "[I]f the person was actually limited to standing no more than six hours per day, then the light work would be eliminated because the jobs generally, as performed, require more than six hours per day in the eight-hour workday?" Tr. 97. The vocational expert confirmed, stating, "That is correct. Those particular jobs would be eliminated." Tr. 97.

Plaintiff's counsel then asked the vocational expert, "So if a medical doctor had opined that [Plaintiff] was limited to standing and walking about six hours in an eight-hour workday, you would say that she would not be able to return to any

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 9

of her past relevant work." Tr. 97. The vocational expert responded, "Well that's a little bit vague, Counselor. I mean, I – I would have to go to that doctor and find out, okay, what exactly are you saying, because if – if it is – if that's it, if six hours is it, yes, those jobs would be eliminated, but that's a little bit too vague to – to make it – take it for her to stand on, but on that basis, yes, likely eliminated." Tr. 97-98.

Plaintiff argues that because the ALJ's RFC findings do not specify that Plaintiff is capable of standing and/or walking for more than six hours, the vocational expert's testimony does not support an ability to perform her past relevant work, and therefore the ALJ's step four finding is unsupported by substantial evidence. ECF No. 14 at 7. Defendant argues that the vocational expert testified a person limited to standing and walking for about six hours in an eight-hour workday, but not strictly limited to standing and walking for only six hours, would be capable of performing Plaintiff's past work. ECF No. 15 at 17 (citing Tr. 39-40, 88-90, 94-97). Defendant contends that because the hypothetical the ALJ posed to the vocational expert contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record, it was proper for the ALJ to rely on the vocational expert's response. ECF No. 15 at 15 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005)).

While the Court agrees with Defendant that the ALJ's hypothetical to the vocational expert contained all of the limitations that the ALJ found credible and supported, the vocational expert's testimony was not clear as to whether an individual limited to standing and walking for about six hours would be capable of performing Plaintiff's past work. Despite several pages of the hearing transcript devoted to an attempt to clarify this specific issue, it does not appear to the Court that the issue as to whether an individual limited to standing and walking for "about six hours" could perform Plaintiff's past work was sufficiently resolved. While the ALJ clearly testified that a claimant able to stand and walk for six hours

or more would be capable of performing Plaintiff's past work, and that a claimant strictly limited to standing and walking for six hours would not, the vocational expert did not specifically state that a claimant limited to standing and walking for "about six hours" would be capable of performing Plaintiff's past work. Tr. 95-97. During the vocational expert's testimony, the ALJ asked "six hours or more or about six hours," to which the vocational expert responded, "…it would not eliminate the jobs that I noted." Tr. 95-96. However, it was not clear whether the vocational expert was responding to the ALJ's question about a limitation to both "six hours or more" and "about six hours," or simply responding to a limitation of "six hours or more." Upon further clarification, Plaintiff's counsel specifically asked the vocational expert for a response as to a limitation of "about six hours," and the vocational expert responded that it was "a little bit vague." Tr. 97-98. This is an important distinction, as the ALJ's RFC only specifies that Plaintiff "can stand and/or walk for about six hours in an eight-hour workday with normal breaks." Tr. 20.

The ALJ has the burden of making findings that accurately reflect whether Plaintiff can perform her past relevant work. *Pinto*, 249 F.3d at 844-45. According to the facts before this Court, it is not clear whether Plaintiff's physical restrictions prevent her from continuing her past work as actually or generally performed. Thus, the ALJ's conclusion regarding jobs Plaintiff could perform and the ultimate non-disability finding were not supported by substantial evidence.

An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012) (quotation and citation omitted). Here, based on a finding that Plaintiff's RFC permits a return to her past work, the ALJ determined that Plaintiff was not disabled and thus, did not proceed to a step five analysis where the burden shifts to the Commissioner to show that Plaintiff can perform other jobs present in significant numbers in the national economy. The ALJ's error is consequential.

1          **2.      Finding as to Physical/Mental Demands of Plaintiff's Past Work**

2          Plaintiff argues that legal error occurred because the ALJ's decision lacks

3     the required functional assessment for her past work.  ECF No. 14 at 8 (citing

4     *Sivilay v. Apfel*, 143 F.3d 1298 (9th Cir. 1998)).  Defendant argues that the

5     evidence demonstrated that the ALJ formulated an extensive RFC assessment and

6     compared that assessment with the requirements of Plaintiff's past work.  ECF No.

7     15 at 17 (citing Tr. 20, 39-40, 87-97).

8          At the second phase of the step four analysis, the ALJ must make findings

9     regarding the physical and mental demands of the claimant's past relevant work.

10    SSR 82-62.  To make the necessary findings, the ALJ must obtain adequate

11    "factual information about those work demands which have a bearing on the

12    medically established limitations."  *Id.*

13         This matter must be remanded for additional proceedings because the ALJ's

14    conclusion regarding past jobs Plaintiff could perform and the ultimate non-

15    disability finding were not supported by substantial evidence.  *See supra*.

16    Accordingly, on remand, the ALJ shall also perform the required findings of fact as

17    to the physical and mental demands of Plaintiff's past jobs.  SSR 82-62.

18         **3.      Finding as to Plaintiff's RFC**

19         Plaintiff also argues that the ALJ's RFC was unsupported by substantial

20    evidence because it was based upon the findings of the nonexamining state agency

21    physician and some speculative comments about the evidence.  ECF No. 14 at 9.

22         At step four of the sequential evaluation, the ALJ must determine the

23    claimant's RFC.  20 C.F.R. § 416.920(a)(4)(iv).  "[T]he ALJ is responsible for

24    translating and incorporating clinical findings into a succinct RFC."  *Rounds v.*

25    *Comm'r Soc. Sec. Admin.,* 807 F.3d 996, 1006 (9th Cir. 2015).  "[A]n ALJ's

26    assessment of a claimant adequately captures restrictions related to concentration,

27    persistence, or pace where the assessment is consistent with restrictions identified

28    in the medical testimony."  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th

Cir. 2008).  To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence.  *Morgan*, 169 F.3d at 599-600.

This matter must be remanded for additional proceedings because the ALJ's conclusion regarding past jobs Plaintiff could perform and the ultimate non-disability finding were not supported by substantial evidence.  *See supra*.  Accordingly, on remand, the ALJ shall also reassess Plaintiff's RFC, and, if necessary, obtain supplemental testimony from a medical expert with the opportunity to review Plaintiff's entire medical record, including any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits.

## CONCLUSION

The ALJ's determination at step four that Plaintiff is capable of performing her past work is not supported by substantial evidence and must be reevaluated.  On remand, the ALJ shall perform a renewed step four analysis and reevaluate Plaintiff's RFC, reassessing the medical and other source opinions, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.  If necessary, the ALJ shall obtain supplemental testimony from a medical expert with the opportunity to review Plaintiff's entire medical record, including any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits.  The ALJ shall also perform the required findings of fact as to the physical and mental demands of Plaintiff's past jobs.  If necessary, the ALJ shall obtain supplemental testimony from a vocational expert and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. **Defendant's Motion for Summary Judgment, ECF No. 15, is DENIED.**

1       3.     The matter is **REMANDED** to the Commissioner for additional

2   proceedings consistent with this Order.

3       4.     An application for attorney fees may be filed by separate motion.

4       The District Court Executive is directed to file this Order and provide a copy

5   to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and

6   the file shall be **CLOSED**.

7       **IT IS SO ORDERED.**

8       DATED April 22, 2019.

9



10                              _____

                                 JOHN T. RODGERS

11                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28